JOSEPH LYNDE *against* JAMES JUDD.

ACTION of *assumpsit.*

On trial to the jury, *Dwight*, for the defendant, offered Mr. *Ingersoll* as a witness to prove a paper in his hands.

Mr *Ingersoll* himself objected to producing the paper.

*An attorney cannot be compelled to produce in evidence a paper, which was left with him by a client in another case.*

It appeared that the paper had been delivered to him, as counsel in another case by a client, with instructions not to make use of it in court.

BY THE COURT. Mr. *Ingersoll* cannot be compelled to exhibit it.

*Dwight* then offered a copy.

*Edwards*, contra, objected, on the ground, that it was evidence of an inferior nature.

*Where an original paper is in the hands of an attorney under such circumstances that he cannot be compelled to produce it in evidence, the party may prove and exhibit a copy.*

BY THE COURT. The copy, after being proved, may be read.

The witness to prove the copy said, that the defendant read a paper as the original, and he, the witness, looked at the copy, and it agreed with the paper read to him.

*A copy may be proved, by comparing it with the original, as read by another person.*

*Edwards* objected to the sufficiency of the proof, because it did not show that the paper read by the defendant was in fact the original; or, if it was, that the defendant read it correctly.

*Quere, whether there ought not to be some evidence that the paper read as the original was in fact such.*

BY THE COURT. This is the usual mode of comparing papers. The proof is sufficient to entitle the party to read the copy.(a)

(a) Vide *M'Neil* v. *P é chard*, 1 *Esp. Cas.* 263.