NEWYORK,
October, 1816.

YORDAN
v.
HESS.

---

YORDAN *against* HESS.

A note was drawn payable to *A.* and *B.*, which was held by *C.*, who wished to sell the note to *D.*, but *D.* refused to take it, unless endorsed by *A.* and *B.*; *A.* refused to endorse it, unless he received security for his indemnification, which THIS was an action of *assumpsit*, against the defendant as maker of a promissory note. The cause was tried before Mr. Justice *Van Ness*, at the *Otsego* circuit, in *June*, 1816.

On or about the 6th of *March*, 1813, one *Williams* had made a note for 343 dollars 25 cents, payable to the plaintiff and defendant in this suit, on or before the 1st of *March*, 1814; which note was given for the use of *Henry S. Yordan. Henry S. Yor-*

it was agreed to give, and the note was sold to *D.*, at a discount of 20 per cent. It being understood between *B.* and *C.* that part of the money thus raised should be lent to *B.*; *B.* drew a note payable to *C.* or bearer, for the amount actually received by him from *C.*, with an addition of 20 per cent. on that amount, and interest thereon from the date, which last mentioned note was deposited with *A.*, as his security: in an action by *A.* against *B.* upon this note, it was held that it was usurious and void.

An attorney or counsel cannot testify as to communications made by a client, whilst the relation of attorney or counsel and client subsists: But if after that relation has ceased, the former client repeat to his attorney, voluntarily, and without any artifice being used by the latter, communications previously made, the attorney is a competent witness as to such subsequent communications.

*dan,* and the defendant, then proposed to sell the note to one *Braman,* at a discount of about 60 dollars, but *Braman* refused to purchase it, unless the plaintiff and defendant would endorse it, and the plaintiff refused to endorse it, unless he was indemnified. It being understood between the defendant and *Henry S. Yordan,* that the latter should lend the defendant part of the money to be raised on the note, it was agreed that the note which was to be given by *Hess* to *Henry S. Yordan,* should be placed in the hands of the defendant as his security. The discount of the note made by *Williams* was effected, and a note was then executed by the defendant, dated *March* 6th, 1813, to *Henry S. Yordan,* or bearer, for 246 dollars and 67 cents, with interest from the date; and upon this note the present suit was brought. The plaintiff, on receiving this note, gave a receipt for it, to *Henry S. Yordan,* with an agreement to return it, when he should be indemnified against his endorsement. The plaintiff had been sued as endorser of the note made by *Williams,* but the suit was compromised, upon his agreeing to remain ultimately responsible in case of its not being paid by the defendant. On this evidence, the defendant's counsel contended, that the plaintiff had not such an interest in the note in question as to enable him to maintain an action against the maker of it, but the judge overruled the objection.

*James Brackett,* a witness on the part of the defendant, testified, that he had heard both the plaintiff and defendant state, that when they sold *Williams's* note to *Braman,* a discount of 20 per cent. was made, and a sum in the like proportion was added to the note on which this suit was brought, over and above the amount actually received by the defendant from *Henry S. Yordan.* These facts the witness learned from the parties in this suit, while he was their attorney and counsel, in suits brought against them by *Braman* on *Williams's* note; and the witness stated, that after he had ceased to be their attorney and counsel, he had twice heard the plaintiff admit, that the note in question was given for a larger sum than the defendant had actually received; at one time, he said that the defendant had only received 240 dollars; at another time, that he had only received 220 dollars. The testimony of *Brackett* was objected to by the counsel for the plaintiff, on the ground that the disclosures were made to him while he was the attorney and counsel for the plaintiff, and that the subsequent disclosures were nothing more than a repetition

NEWYORK, of what had been stated to him whilst he stood in that relation to
October, 1816. the plaintiff; and that, at all events, the note was not usurious.
YORDAN  The judge, however, without deciding on the admissibility of the
v.  evidence, was of opinion, that the facts, if duly proved, consti-
HESS.  tuted a case of usury; and a verdict was taken by his direc-
tion, subject to the opinion of the court. The case was sub-
mitted to the court without argument.

*Per Curiam.* If the testimony of *Brackett* was admissible,
it must fully establish the usury. The plaintiff twice admitted
to this witness that the note was given for a greater sum than
was received by the defendant. That the money was raised
by a sale of *Williams's* note, at a discount, furnishes no legal
excuse for imposing that loss on the defendant. With respect
to the testimony of *Brackett*, it does not fall within the rule
which protects the client from a disclosure of any communica-
tions made by him to his attorney. The confessions by the plain-
tiff to *Brackett* were made after he ceased to be his attorney;
and although they were, substantially, a reiteration of what had
been communicated, whilst the relation of attorney and client
existed, yet they appear to have been voluntary disclosures, no
way sought for, or drawn out, by the witness. An attorney can-
not, after he ceases to be the attorney of a party, disclose what
was communicated to him in that capacity. But this is the pri-
vilege of the client; and if he chooses, after this relation has ceas-
ed, to volunteer any communications, he is not protected, although
they may be, in substance, the same as were given whilst that
relation subsisted. The reason of the rule then ceases. If a re-
petition of the information should appear to have been drawn out
by any artifice, for the purpose of being used as evidence, it
ought not to be received. But when it is perfectly voluntary, and
unsought for, there can be no solid ground for excluding the
evidence. The defendant is, accordingly, entitled to judgment.

Judgment for the defendant.