Platt J.
delivered the opinion of the court. The lessors of the plaintiff claim title under several of the devisees in the will of William Teller, dated the 21st of July, 1753, and rely also, on the subsequent possession and parol declarations of Isaac Teller, one of those devisees.
The defendants show a conveyance of the 8th of July, 1760, from Isaac Teller, and Jacobus Buys, two of the three surviving executors of the will of William, Teller, to Christiana Prevost, of the premises in question, in fee simple.
The principal question presented by the case is, whether the power to sell real estate, contained in that will, was well executed in making that conveyance to Mrs. Prevost ?
At the time of executing the deed by Isaac Teller and Jacobu* Buys, to Christiana Prevost, (the 8th of July, 1760) the testator, and his executrix, and his sons William, John, Jacobus, and Gualterus, were dead ; and Jeremiah Teller, Isaac Teller, and Jacobus Buys, were the only surviving executors named in the will; and it also appears, that Isaac Teller and Jacobus Buys were the only persons who “ took upon them the execution or administration of the will.’’
The executors who executed the deed, were devisees under the will, and had a direct interest in the sale. This was, therefore, not a naked power, but a power coupled with an interest; which, on common law principles, survived to Jeremiah Teller, Isaac Teller, and Jacobus Buys, after the death of the executrix, and the other four executors ; and, I am of opinion, that inde *401 pendent of any statute regulation, the terms of the will, and the . - i -» -i .* intention of the testator, are best satisfied by the construction, that a majority of the three surviving executors might execute the power. (Franklin and others v. Osgood and others, in the court of errors, 1817, and the authorities there cited.) 7b fZj.
In this case, the conveyance under the power was executed by Isaac Teller, and Jacobus Buys, (who were the only persons who took upon them the execution of the will, in any respect,) there being then only three surviving executors. The conclusion, therefore, is, that the power was well executed. This view of the case renders it unnecessary to consider, whether the execution of this power, by the two executors only who administered under the will, can be supported by virtue of the statute of 21 Hen. VIII. ch. 4.
The deed from Christiana Prevost and others, to Isaac Teller, dated 10th May, 1765, was a conveyance clearly devested of all trust; and under him, the lessors of the plaintiff show no written evidence of title. That deed shows an absolute title in Isaac Teller, in his own right, solely ; and repels the presumption of a tenancy in common with his brothers and sisters, which has been attempted to be raised upon the loose testimony of his parol declarations, respecting the title. The defendants have thus proved a title out of the lessors of the plaintiff.
The only remaining question is, as to the decision of the judge, at the trial, that the attorney of the plaintiff was not bound to produce the papers called for, on a subpoena duces tecum. It appears, that Mr. Brinckerhoff first received those papers, as attorney and counsel for Henry R. Teller, and that Mr. Teller afterwards “ left the papers with the witness, as the attorney and counsel for these defendantsI can perceive no reason to doubt the correctness of the opinion, that the attorney was not bound to produce those papers.
Upon the whole case, therefore, the defendants are entitled to judgment.
Judgment for the defendants.

 9 Johns. Rep. 167. 12 Johns. Rep. 365.

 6 Litt. 112. ad 181. a. 3 Salk. 277. Powell on Devises, 291-310. 6 Johns. Rep. 76. Shep. Touchst 448. Powell v. Powers, 294. 295. 1 Caines' Cas. in Error, 16. 3 Day's Rep. 384.