Per Curiam.

The case of Baker and another v. Arnold (1 Gaines’s Rep. 258.) is not an authority, either way, on the question as to what facts an attorney or counsel may testify, when called on as a witness. The judges appear to have been much divided, and no clear and satisfactory opinion on this point can be collected from the case.
The general rule is, that an attorney is not to be compelled to disclose confidential communications between him and his client, made in the course of his professional business. But as to collateral matters, the knowledge of which the attorney *268 ^ias acc|fored by personal observation, and which were not communicated as a secret, or as to *such collateral facts, which may be material lor the other party, and the answer to which does not betray any confidential communication between them, the attorney may be compelled to answer, (a) As where the question is about the razure in a deed or will, the attorney may be asked, whether he had ever seen such deed or will in other plight; for that is a fact in his own knowledge ; though he is not to discover any confessions made by his client on such head. (Bull. N. P. 284.) In Kingston v. Gale, (Finch's Rep. 259. 8 Viner’s Ab. 548.) where there was a bill for a discovery of a deed and the contents of it, in the custody of the defendant who was attorney, and the defendant demurred to the bill, for that he was an attorney at law, and was intrusted by his client with the deed, the court were of opinion, that there ought to be a discovery whether there was such a deed, where the same then was, to whom delivered, and when the defendant last saw the same, and in whose custody; but that he was not to produce the deed, or discover the date or contents of it. Maddock (1 Madd. Ch. 174.) cites this case as good law. Phillips, in his Treatise on Evidence, (p. 103. to 105.) lays down the rule as stated by Butter. The court would feel very great reluctance to innovate on a rule of evidence founded in so much good sense and propriety, as that which prevents a disclosure by a person standing in the relation of an attorney or counsellor, from disclosing communications confidentially made to him in his professional capacity ; but it does not appear to us, that, to oblige the attorney to answer merely as to the existence of an instrument, or where it is to be found, would infringe that rule. The party himself might, by a bill in chancery for that purpose, be culled on to discover whether he has not in his possession a deed or instrument, which is necessary to the other party in the prosecution or defence of his rights. (1 .Madd.. Ch. 160—174.)
The admissions in the recital contained in the deed of one of the lessors, was evidence in the cause against all of them ; for he could not be called as a witness, and they have a comrrm-nity of interest. (Phillips's Ev. 71, 72, 73. 11 East, *588, 589. Gilb. Ev. 51. 1 Maule & Sel. 249.) The motion for a new trial must be denied.
Motion denied.

 Johnson v. Daverne, 19 Johns. Rep. 134. Jackson, ex dem, Neilson, 18 Johns. Rep. 330. Wilson v. Troup, 2 Cowen, 195.