### JOHNSON *against* DAVERNE, *impleaded with* THORNE.

The handwri-    *ASSUMPSIT* for work and labour, &c. At the trial,
ting of a party
to a receipt,   after the plaintiff had closed his evidence, the defendant
may be proved
by a witness    offered in evidence two receipts, to which the name of the
who has never
seen him write,
but who, in the course of his dealings with him, has received his *notes,* which the party has paid ; if
the witness swears affirmatively, from his knowledge derived from these facts, that he believed the
signature to the paper produced, to be the proper handwriting of the party.
An attorney or counsel may be called on to testify to a collateral fact within his knowledge, or to
a fact which he might know, without being entrusted with it by his client.
As where an attorney or counsel, after the commencement of a suit, without any communication
from his client, acquires a knowledge of his handwriting, he may be questioned as to its identity.

plaintiff was subscribed; and to prove them, called *Campbell*, a witness who had been sworn for the plaintiff, who being asked if he knew the handwriting, answered, that he had never seen the plaintiff write, but that he had had dealings with him, and had received promissory notes from him, which had been paid, except one; that on looking at the receipts, he was inclined to think that the signature was in the handwriting of the plaintiff; but that this opinion was founded on the circumstances he had stated, not from his having seen the plaintiff write; and on his cross-examination, he said, that he could not positively state, that he had ever seen the plaintiff write. The plaintiff's counsel objected to the sufficiency of this proof, and the objection was allowed by the judge. The defendants' counsel then called *L.,* the attorney and counsel for the plaintiff, who testified, that he was acquainted with the handwriting of the plaintiff; that previous to the commencement of this suit, and his retainer, as attorney and counsel for the plaintiff, he knew nothing of the plaintiff, or of his handwriting; and that he had no knowledge of his writing, except what was communicated to him by the plaintiff, as his counsel in the cause, and he submitted himself to the direction of the judge, whether he was bound to answer the question put to him; and the judge decided, that it was not proper for the witness to answer the question; and the jury found a verdict for the plaintiff, for 1,240 dollars.

A motion was made to set aside the verdict, and for a new trial.

*Caines,* for defendant. He cited 2 *Johns. Cases,* 214. *Phillip's Ev.* 366. 3 *Johns. Cases,* 203. *Phillip's Ev.* 103. 4 *Term Rep.* 431. 10 *Mod.* 41. 17 *Johns. Rep.* 336.

*Talcot,* contra.

SPENCER, Ch. J. delivered the opinion of the Court. To prove a party's signature, it is not indispensably necessary that the witness should have seen him write. *Phillips* (367.) gives the true rule : " The admissibility of the evi-

dence must depend upon whether there is good reason to believe, that the specimens, from which the witness has derived his knowledge, were written by the supposed writer of the paper in question." In *Titford* v. *Knott*, (2 *Johns. Cases*, 214.) it was held, that the signature of the endorser was well proved by a person who had been in the habit of seeing his correspondence, and, from that circumstance, believed the signature to be his. The witness in this case had received the plaintiff's notes, all of which, except one, had been paid ; the payment of the notes, with his signature to them, unexplained, was a full admission, that he had made and subscribed them. If, then, the witness had sufficiently observed, to ascertain the distinctive and prevailing character of the handwriting, he was in a situation to identify the plaintiff's signature, and he ought to have been asked, if he believed the plaintiff's name to the receipts to be his handwriting ; if he had answered that question affirmatively, then the receipts should have been received in evidence. The questions to the attorney and counsel were not pushed far enough. If he knew nothing but what his client had communicated to him, he could not be compelled to disclose that; but if he became acquainted with his client's signature, in any other manner, though it was subsequent to his retainer, he was bound to answer; for an attorney and counsel may be questioned, as to a collateral fact within his knowledge, or as to a fact which he may know, without being entrusted with it as an attorney in the cause. (*Brant* v. *Kline*, 17 *Johns. Rep.* 338. 4 *Term Rep.* 431.) There must be a new trial ; the costs to abide the event of the suit.

New trial granted.