## BROWN *versus* PAYSON.

An attorney cannot be called to testify respecting the situation of an instrument at the time it was committed to him for the purpose of having a suit instituted upon it.

But he may be required to disclose the name of his client in any particular suit, that not being matter of professional confidence.

ASSUMPSIT upon two promissory notes payable to J. A. Low, or order, and endorsed.

The cause was tried in the common pleas, September term, 1833, upon the general issue, when the defendant attempted to prove that said notes were given for lottery tickets, and having called the plaintiff's attorney as a witness, proposed to him two questions. 1. Were these notes endorsed, when they were put into your hands for collection ? 2. Were not these notes left with you for collection by J. A. Low, the person to whom they were made payable ?

The plaintiff's attorney objected to answering upon the ground that the relation subsisting between himself and his client protected him.

The court directed the attorney to answer whether he knew any thing in relation to the suit, which was not confidentially communicated to him by his client, and, on his answering in the negative, ruled that he was not bound to answer the questions proposed.

The jury having returned a verdict for the plaintiff, the defendant moved for a new trial, and the action was thereupon transferred to this court.

*Boardman*, and *J. Smith*, for the defendant, cited 2 Stark. Evid. 399 ; 1 Caine's Rep. 257, *Baker* v. *Arnold* ; 17 Johns. 335, *Brant* v. *Klein* ; 18 Johns. 330, *Jackson* v. *McVey* ; 4 D. & E. 431, *Cobden* v. *Kenrick* ; *Straw* v. *Graves*, Grafton Co. —— term.

*I. Bartlett*, and *H. Hutchins*, for the plaintiff, cited 2 Stark. Ev. 395 ; Cary's Rep. 389, 126 ; Phil. Ev. 108 ; 2 Chitty's Eq. Dig. 1183 ; 6 Vesey, 280, *Wright* v. *Mayer* ; 5 Esp. Rep. 52, *Robson* v. *Kemp* ; 2 Bro. and Bing. 4, *Cromack* v. *Heathcote* ; 8 Dow. & Ryl. 732, *The King* v. *Upper Boddington*, 1 Madd. Ch. 174 ; 8 Mass. 370.

PARKER J. The general rule, that a client is protected in the confidence which he reposes in his attorney, is well settled.

It is contrary to the policy of the law, to permit any person to betray a secret with which the law has entrusted him, Bull, N. P. 284 ; and the necessity of an unreserved communication, by individuals, to those they employ in legal affairs, 'has induced courts to consider the attorney as standing in the place of the client, and, for the benefit of the client, to hold, that the attorney is not bound to become a witness to those matters of which he derived knowledge from professional confidence.

The rule does not extend to an agent, nor to one consulted confidentially but not as an attorney, because it has been thought that the same necessity does not exist. 2 Atk. 524, *Vaillaint* v. *Dodemead* ; 4 D. & E. 753, *Wilson* v. *Rastell* ; 1 Dall. 439, *Holmes* v. *Comegys* ; Phil. Ev. [109 ;] 2 Stark. Ev. 396.

Nor to an attorney, farther than to the knowledge acquired by him as an attorney, and in the course; of professional engagement. The relation of client and attorney must subsist at the time, and with reference to the subject matter, and the facts must have been acquired by the attorney through the confidence of his client. 2 Camp. 10, *Gainsford* v. *Grammar* ; 7 East, 358, *Spenceley* v. *Schulenburg*, and note ; 4 D. & E. 431, *Cobden* v. *Kenrick* ; 2 Swanston, 216, *Parkhust* v. *Lawton* ; 13 Johns. 492, *Yordan* v. *Hess* ; 19 Johns. 134, *Johnson* v. *Daverne* ; 1 Caine's, 157, *Hoffman* v. *Smith* ; 1 Car. and Payne, 372, *Hurd* v. *Moring* ; Cowp. 845, *Doe* v. *Andrews* ; 5 Esp. 52, *Robson* v. *Kemp*.

It was said by Mr. Justice Bayley to extend to an at-

torney's clerk, 8 Dowl. & Ryl. 726. Sed. vide. 2 Stark. Ev. 396, note 1.

Whether the privilege is to be extended to all cases of professional engagement, or only to a case of employment for conducting a cause ; and what is the true limit between employment as an atttorney and as an agent ; are questions upon which the authorities are not uniform. 2 Bro. & Bing. 4 note, *Wadsworth* v. *Hamshaw* ; 1 Car. & P. 158, *Williams* v. *Mudie* ; 1 Ryan & Moody, 34, S. C. 2 Car. & P. 518, *Broad* v. *Pitt* ; 1 Moody & Malkin, 233, *S. C. and note* ; 2 Atk. 525, Peake's Rep. 108 ; 2 Barn. & Cres. 745, *Bramwell* v. *Lucas* ; 2 Bro. & Bing. 4, *Cromack* v. *Heathcote* ; 2 Ves. Jr. 189 ; 2 Swanston, 221 ; 4 Esp. 235 ; 2 Stark. Ev, 396, *in notes* ; 4 Vermont Rep. 614, *Durkee* v. *Leland* ; 2 Cowen, 196, *Wilson* v. *Troup.*

Upon the question, also, whether the rule is to be applied only to communications made by the client to his attorney, or whether it extends to a knowledge of the existence, contents, and situation of instruments, and writings, which has been acquired by the attorney in the course of professional engagement, there have been different opinions.

If the marginal note in *Baker* v. *Arnold*, 1 Caine's Rep. 257, cited for the defendant, had been the decision of the court, it would have been a direct authority for him, but Thompson and Livingston, Justices, there gave opinions directly the reverse of the doctrine stated in the note, Kent, Justice, and Lewis C. J. gave no opinion upon the point, and Radcliff, Justice, alone sustains the position.

In *Jackson* v. *McVey*, 18 Johns, 330, the court held, that an attorney may be compelled to testify whether a deed, described by the adverse party, is in his possession or not, so as to authorize the other party on his refusing to produce it, to give parol evidence of its contents.

A similar decision was before made in *Brant* v. *Klein*, 17, Johns. 335, and the court there said, " the general rule is, that an attorney is not to be compelled to disclose

confidential communications between him and his client made in the course of his professional business. But as to collateral matters, the knowledge of which the attorney has acquired by personal observation, and which were not communicated as a secret, or as to such collateral facts, which may be material for the other party, and the answer to which does not betray any confidential communication between them, the attorney may be compelled to answer."

A reference is made in the last case to Bull. N. P. 284, where it is said, that an attorney may be examined " to a fact of his own knowledge, and of which he might have had knowledge, without being counsel or attorney in the cause." " So if the question were about a razure in a deed or will, he might be examined to the question, whether he had ever seen such deed or will in other plight, for that is a fact of his own knowledge ; but he ought not to be permitted to discover any confessions his client may have made to him on such head.

If by this it be meant, only, that an attorney may be compelled to testify to those facts of which he has acquired a knowledge independently of his employment as attorney, and that he may be called to testify whether he has seen an instrument at another time, in other plight, it not having been at such other time exhibited to him in the course of professional engagement, the law is undoubted.

But if it be intended, that he may be called to state facts of which he might by possibility have acquired knowledge without being counsel or attorney in the cause, but of which he actually had knowledge only from professional confidence.—or, if in the other instance put, it be intended that he may be compelled to state whether he has seen an instrument in other plight, when he has seen it only from its having been exhibited to him professionally as counsel, the correctness of the principles may very well be questioned.

There are several authorities, in which it has been decided, that an attorney is not bound to produce papers entrusted to him by his client. 6 Ves. 280, *Wright* v. *Mayer* ; 1 Maddock's Ch. 210 ; 4 Vermont Rep. 612 ; 8 Mass. 370.

And it has been held that the same rule applies, even if the papers were entrused to him originally by a third person, in another cause. 14 Johns. 391, *Jackson* v. *Burtis* ; 3 Day, 499, *Lynde* v. *Judd* ; 3 Stark. Rep. 38, *Laing* v. *Barclay*.

In 4 Vermont Rep. 615, Mr. Justice Williams, refering to the decisions in *Brant* v. *Klein*, and *Jackson* v. *McVey*, says, "it appears to me, that going thus far is at variance with the general principle applicable to that subject, if the deed or writing was communicated or entrusted to the attorney in professional confidence."

An attorney cannot be allowed to produce an abstract of title deeds, made by him as attorney, or to give parol evidence of their contents. 8 Dowl. & Ryl. 726, *The King* v. *Upper Boddington*. Mr. Justice Bayley said, " the whole of those contents were a confidential communication between a client and his attorney and therefore privileged from disclosure."

In *Brard* v. *Ackerman*, 5 Esp. 120, it was held, that an attorney is not bound to testify to the existence, date, or sum of a bill of exchange, when the knowledge of those particulars is only derived from the bill being intrusted to him by his client.

And in *Robson* v. *Kemp* 5 Esp. 52, it was ruled, that " where an attorney has come to the knowledge of a deed or instrument having been destroyed, from the circumstance of his being employed as attorney, he cannot be asked as to the fact, the knowledge of which was so obtained." Lord Ellenborough said, " one sense is privileged as well as another. He cannot be said to be privileged as to what he hears, but not as to what he sees, where the knowledge acquired as to both has been from his situation as an attorney.

We believe this to be the better opinion. The situation and contents of a paper, delivered to an attorney for inspection, in the course of employment as attorney, is as much a matter of professional confidence as an oral statement of its contents or condition can be.

An attorney is not at liberty to disclose what is communicated confidentially by a client, although the latter is not in any shape before the court. 2 Camp. 578 *Rix v. Withers* ; 4 D. & E. 760, *Wilson* v. *Rastall* ; 2 Esp. 695, *Slowman* v. *Herne.*

It follows, that the attorney in this case was not bound to answer the first question proposed, for the situation of the notes, when they were presented to him for the purpose of this suit, became known to him from a professional confidence reposed in him, and this with a view to a suit, if that was material, which may well be doubted. The knowledge which he acquired was by means of his employment as an attorney, and whether this was by a verbal statement of the client, or by an inspection of the paper presented, is immaterial.

So whether this knowledge was received from the plaintiff on the record, or from Low, who is not apparently before the court, is immaterial if Low is in fact the client.

The second question, however, is of a different character. The enquiry, whether the notes were not left with the attorney, for collection, by Low, is equivalent to an enquiry, whether Low is not in fact the client.

No authority is found to show that this is a matter of confidence, nor is there any propriety in its being so considered.

In ordinary cases of suits it cannot be confidential, for the name of the client appears upon the record, and where it does not, we think the party is entitled to know with whom he is contending, and, that there is no right in any one to employ an attorney in court, and say that the attorney is privileged from disclosing who sent him there.

An attorney is compellable to identify the person of his client. Bull. N. P. 284 ; Cowp. 846 ; 2 Stark. Ev. 398.

A contrary doctrine was held, 2 Strange, 1122, *Rex* v. *Watkinson*, but the reporter added a quere.

In 4 D. & E. 760, the enquiry is gone into by Mr. Justice Buller, whether the witness was privileged as to this or that person, and Lord Kenyon says, in the same case, it is necessary to enquire whether he was in the situation which he assumed to himself.

In *Levy* v. *Pope*, 1 Moody & Mal. 410, Mr. Justice Parke held, that the attorney conducting a cause in court may be called as a witness by the opposite side, and asked who employs him, in order to show the real party, and so let in his acts and declarations.

And in *Parkhurst* v. *Lowton*, 2 Swanston, [194,] 210, the witness demurred to the interrogatories exhibited to him for his examination, on the ground that they referred to transactions in which he was employed as attorney and solicitor. The Lord Chancellor said, " the witness demurring on the ground that his answer would violate the confidence reposed in him as attorney, must name the party to whom he was attorney,"—that a demurrer in such case was " nothing but the witness's tender of reasons why he should not answer the questions,"—and that " it must have been overruled, if for this reason, only, that the witness has not stated by it who his client was."

The case of *Straw* v. *Graves*, in Grafton, appears also, from the statement of it, to be a direct authority on this point.

The attorney, then, was bound to give evidence thus far, and as the defendant was precluded from examining him to this fact there must be a                    *New trial.*