### JOSEPH W. FOSTER *vs.* EDWARD C. PURDY.

Where a debtor deposits notes with his creditor, as collateral security, to be collected and accounted for, or to be returned within a specified time, and the creditor thereupon covenants or promises not to sue the debtor until the securities shall be given up; such covenant or promise is not a bar to a suit by the creditor, though brought before he has given up the securities.

WILDE, J. This was an action of assumpsit by the indorsee against the indorser of a promissory note, dated September 19th 1833, and payable in two years from the date. It was indorsed to Wellington, Foster & Co. in 1834, who continued to be the owners until 1841, when, for a valuable consideration, they sold it to the plaintiff. In the defence, it was proved that in March 1839, the defendant, being debtor to Wellington, Foster & Co. as indorser of said note, and on no other account, deposited with them certain securities, viz. notes and certificates of stock, to be collected or compounded by them, as they might think best, or to be returned by them to the defendant within two months, unless otherwise agreed thereafter. And Wellington, Foster & Co. thereupon gave the defendant a receipt for said securities, and annexed thereto the following engagement : " In consequence of the deposit of these securities, we hereby agree to withdraw any suit or suits commenced by us against the said E. C. Purdy, and not to renew or commence any suit against him, until said securities shall be returned." These securities were not returned to the defendant within two months ; and it does not appear but that they are still in the hands of Wellington, Foster & Co.

The note having been overdue for many years, when it was

transferred to the plaintiff, it is admitted that he took it subject to any defence which might be set up, if the action had been brought by Wellington, Foster & Co. And the question is, whether, in such a case, to avoid circuity of action, their agreement might be pleaded in bar.

It is a well established rule of law, that a covenant not to sue an obligor, without any limitation of time, may be pleaded as a release, to avoid circuity of action. And the same rule applies, for the same reason, to a promise or agreement, not under seal, not to sue a note of hand or other contract which is likewise not under seal. It is equally well settled, that a covenant not to sue an obligor within a limited time cannot be so pleaded, but that the obligor's only remedy is upon his covenant, if he should be sued by the covenantor within the time limited. Bac. Ab. Release, A. 2. 2 Saund. 48, *note* (1). *Gawden* v. *Draper*, 2 Vent. 217. *Johnson* v. *Daverne*, 19 Johns. 134. *Scriba* v. *Deanes*, 1 Brock. 173. It is not material whether the limitation be for a longer or shorter time, or whether it be for a time certain, or is to depend on a contingency, although the contingency may depend on an act to be done by the covenantor or promisor.

In *Ayloffe* v. *Scrimpshire*, Carth. 63, the obligee covenanted with the obligor not to put his bond in suit during 99 years. And it was held that the covenant could not be pleaded in bar to a suit on the bond. But it was admitted that if a stipulation had been superadded, that the bond, if sued within the time limited, should be forfeited, such a covenant and stipulation might be pleaded in bar to an action on the bond brought within the period of limitation. And the reason is, because the damages to be recovered for a breach of the covenant, and the damages recovered in the action on the bond, would be commensurate. 8 Pick. 231. So in *Burgh* v. *Preston*, 8 T. R. 483, there was a memorandum annexed to the bond sued, that the obligee had agreed not to bring any action thereon, or assign the same, until after the death of the obligor ; and it was held that such an agreement, made before the execution of the bond, and annexed thereto, might be pleaded to an action on the bond against the obligor, because the memorandum was to be considered as

part of the condition. But it appears clearly, from the remarks of Lord Kenyon, that if the agreement had been collateral, in a different deed, the decision would have been otherwise. So in *Hoffman* v. *Brown*, 1 Halst. 429, the obligee had covenanted not to sue the obligor on his bond until the death of a minor, or his arrival at the age of 21 years ; and it was decided that the covenant could not be pleaded in bar of an action on the bond brought during the life of the minor and before his arrival at full age. In *Winans* v. *Huston*, 6 Wend. 475, it is said that the reason why a covenant not to sue for a demand within a limited time is not allowed to be pleaded in bar of an action brought contrary to the covenant, is to be ascribed to that principle of law, that if the right of action is once suspended by the act of the party, it is wholly gone. But the more satisfactory reason seems to be, that the damages to be recovered for the breach of a covenant or agreement not to sue for a demand within a limited time may be much less than the demand ; and if so, it would be unjust to allow it to bar the whole demand ; and thus it is distinguished from a perpetual covenant, which is held to be a bar, to avoid circuity of action, as the damages, if cross actions were to be brought, would be the same.

A similar distinction is recognized in respect to mutual covenants in the same deed. Where the mutual covenants go to the whole consideration on both sides, they are dependent covenants ; and if either party be sued by the other, the plaintiff must aver performance of the covenant on his part, or an offer to perform it ; and this averment is traversable, and if not proved, the action cannot be maintained. But where a covenant goes only to part of the consideration on both sides, it is an independent covenant, and no such averment is necessary ; because the damages sustained by the parties would be unequal. 1 Saund. 320, *note* (4) and the cases there cited. Considering this rule of law as well founded and well settled, we are of opinion that the agreement of Wellington, Foster & Co. is no bar to the present action.

It has been argued by the defendant's counsel, that Wellington, Foster & Co. were bound to collect or return to the defend-

ant the securities pledged, within two months ; and that as they have not so done, the defendant is not now under any obligation to receive them, and consequently that their agreement is to be considered as equivalent to an agreement never to sue the note referred to. But if it were admitted that the defendant is not bound to receive these notes and certificates, his conclusion does not follow ; because unquestionably he may sue for the breach of the agreement, and may recover damages therefor ; and thus the said agreement may be extinguished. And if it were otherwise, the agreement could not be pleaded in bar of this action, because the damages, which the defendant would be entitled to recover for the breach of the agreement, might be more or less than the amount due on the note in suit. Wellington, Foster & Co. would be liable in damages only for the value of the securities received, if they had not been able to collect them ; which probably would be less than the amount due on the note in suit ; and if so, it would not be just that the plaintiff should be precluded from the recovery of the balance. On the other hand, if the securities received were good, the defendant would be entitled to recover the full amount due on them, which would much exceed the amount due on the note in suit. The rule, therefore, founded on equality of damages in cases of perpetual covenants, is not applicable. In no view, therefore, can the said agreement be considered as a release or defeasance of the note in suit.

As to the other ground of defence, viz. that the agreement may be so construed as to sustain a plea of accord and satisfaction, we are very clear that it cannot be so construed. The notes and certificates were received, unquestionably, as collateral security, and not in satisfaction of the note in suit.

*Judgment for the plaintiff*

*Wellington,* for the plaintiff.

*G. T. Bigelow,* for the defendant.