## SUPREME COURT.

### THE PEOPLE *ex rel.* MALLORY agt. BENJAMIN.

Where, on the trial of a cause before a justice of the peace, the attorney for the defendant was called upon as a witness for the plaintiff, upon a subpœna *duces tecum*, to produce a bill of sale between the parties; and he testified that he had the bill of sale then in his pocket, that he received it in his character of counsel for the defendant, after he was employed as such counsel in the action; that he considered himself under obligations not to disclose or produce it, unless by the consent of his client, and refused to do so, unless by his orders.

*Held*, that an order of the justice requiring the attorney to produce the bill of sale, and his subsequent conviction for contempt in not doing so, (2 *R. S.* 273, § 274,) were unauthorized and unlawful. Why? Because, the bill of sale was evidence entrusted to the attorney in the confidence growing out of the relation of counsel and client, and he was not at liberty to furnish the adverse party with it, or to testify to any fact which had come to his knowledge consequence of that relation

Mallory agt. Benjamin.

If the order had been lawful, the neglect to comply with it by the attorney would not have been a *resistance,* so as to constitute a criminal contempt within the statute, (§ 274, *sub.* 3.) The resistance contemplated must be *to the execution* of the order—some physical positive hinderance or obstruction, not a neglect to execute it.

*Yates Special Term, November,* 1853. Common law certiorari to the defendant, upon a conviction by him as a justice of the peace of the relator for an alleged contempt.

S. V. R. MALLORY, *the relator in person.*

E. G. LAPHAM, *for the defendant.*

WELLES, Justice. In the following cases, and in no others, a justice of the peace may punish, as for a criminal contempt, persons guilty of the following acts:—

"1. Disorderly, contemptuous or insolent behavior toward such justice, while engaged in the trial of a cause, or in the rendering of any judgment, or in any judicial proceedings, which shall tend to interrupt such proceedings, or to impair the respect due to his authority."

"2. Any breach of the peace, noise, or other disturbance, tending to interrupt the official proceedings of the justice."

"3. Resistance wilfully offered by any person in the presence of a justice to the execution of any lawful order or process, made or issued by him." (2 R. S. 273, § 274.) "When a witness attending before a justice, in any cause, shall refuse to be sworn, in any form prescribed by law, or to answer any pertinent and proper question, and the party at whose instance he attended shall make oath that the testimony of such witness is so far material, that without it he cannot safely proceed in the trial of such cause, such justice may by warrant commit such witness to the jail of the county." (*Id.* 274, § 279.)

The return to the certiorari shows that an action was depending before Benjamin, the defendant in the above title, who was a justice of the peace, in which Daniel Taylor was plaintiff and Alvin Ferguson was defendant, on the trial of which the relator

was examined as a witness, touching the existence and where-abouts of a certain written agreement or bill of sale between the parties to the action; a subpœna having been duly served upon him, containing the *duces tecum* clause requiring him to produce the paper in question on said trial. It appeared by his testimony that he was Ferguson's counsel in said action and on said trial, and that after he became such, he received the bill of sale as such counsel from Ferguson, and that he then had it in his pocket: that he considered himself under obliga-tions not to disclose it or produce it, unless by the consent of his client, and he refused to do so, unless by his orders: that at this stage of the trial the plaintiff moved an adjournment, and that the relator be committed to the jail of the county until he should be willing to testify, under the above recited § 279 and the two following sections, upon an affidavit of the plain-tiff's counsel, showing that the paper in question was so mate-rial that without it the plaintiff could not safely proceed to trial. The motion was denied by the justice, who peremptorily ordered the relator to produce the paper to be read in evidence, which the relator refused to do. The trial then proceeded, at the close of which the plaintiff was non-suited. The return then proceeds as follows: " The witness Stephen V. R. Mal-lory, then being present, was called upon by me and inquired of by me what he had to offer in his defence for a contempt in resisting the order of the said court, requiring him to produce the said bill of sale to be read in evidence, and for not producing the same to be read in evidence on the trial of said cause, when required as a witness so to do ; and the said Mallory was then and there informed that he then had an opportunity of being heard in his defense. Whereupon the said Mallory, stating that he was not bound to obey the order of the court, or produce the said contract to be read in evidence, because the same was delivered to him by his client, and neglecting to produce any testimony or evidence, or to offer any sufficient excuse for refusing to produce the said contract or bill of sale to be read in evidence, or for resisting the said order of the said justice, was convicted by me of a contempt of my court held as aforesaid for the trial

of the said cause, and required to pay a fine of five dollars."
The return then states that he the said justice drew up and filed
in the county clerk's office of the county a record of the con-
viction, setting forth a copy in *haec verba*, which assumes to
state the particular circumstances of the offence, and among
other things states that, when the relator was ordered and
required by the justice to produce and exhibit the said contract
or bill of sale, he peremptorily and *contemptuously* in the
presence and hearing of the justice, and in the presence and
hearing of the parties to the said action, and divers other
citizens, refused to produce and exhibit to be read and used on
the said trial the said contract or bill of sale.

The conviction was under one of the subdivisions of § 274
above recited. It was probably for an offence mentioned either
under the first or third subdivision of that statute. If we look
at the record of conviction alone, and lay out of view the
return to the writ of certiorari, it would seem to have been
under the first subdivision, for contemptuous behavior toward
the justice, consisting in the manner of the relator's refusal to
produce and exhibit the contract or bill of sale. · If that was all,
enough is not shown to authorize the justice to hold and treat
him as in contempt. If it included, as a part of the offence,
the fact of the refusal as well as the manner, whether that
would strengthen the conviction, depends upon two other
things; first, the legality of the order to produce it, and second,
whether such refusal would constitute a resistance of the order,
assuming it to be lawful, within the meaning of the third sub-
division. I will consider first, whether it would be an offence
under the first subdivision. Is the relator shown to have been
guilty of contemptuous behavior, the tendency of which was
*to interrupt the proceedings* before the justice, or *to impair the
respect due to his authority.* The record does not state or show
what the particular behavior of the relator was, excepting that
he refused to produce and exhibit the bill of sale to be used in
evidence; nor does it state what the tendency of such beha-
vior was. This, I think, should appear; because unless the
" behavior " complained of had the tendency mentioned in the

Mallory agt. Benjamin.

first subdivision, the relator was not liable to be proceeded against under that subdivision, as for a criminal contempt. When the certiorari was served upon the justice, he had the opportunity, and I think it was incumbent upon him to have shown, if he could, by his return, what the particular behavior of the relator was which rendered it contemptuous, and gave it the character ascribed to it in the record of conviction; or, at least, to have stated that it had the tendency required by the statute to constitute a criminal contempt. This he has wholly omitted to do, and on the contrary has made a return presenting an aspect of the case, the strong inference from which is, that the only contempt complained of was the simple refusal of the relator to produce the paper in question, in pursuance of the order of the justice.

It only remains to consider whether such refusal was, or could be properly regarded, a criminal contempt.

1. The order must have been *lawful* to render its disobedience a criminal contempt. But this was clearly an unlawful order. The relator was placed upon the witnesses' stand by the plaintiff in the action before the justice, and testified that he received the bill of sale in his character of counsel for the defendant, after he was employed as such counsel in the same action. It was evidence entrusted to him in the confidence growing out of the relation of counsel and client, and he was not at liberty to furnish the adverse party with it, or to testify to any fact which had come to his knowledge in consequence of that relation. (Jackson agt. Dennison, 4 *Wend.* 558; Coventry agt. Tatnall, 1 *Hill,* 33; Kellogg agt. Kellogg, 6 *Barb. S. C. R.* 116; 2 *Cow. Treat.,* 3 *ed.,* 440, 441.) Some of these authorities show that a counsel having the possession of a paper which is material evidence upon the trial, is bound to testify to the fact of its being in his possession, and the time and circumstances under which it came there; but he is not bound to produce it or disclose its contents, where he received it in his character of counsel or attorney.

2. If the order of the justice to produce the paper had been lawful, the neglect to comply with it by the relator would not

have been a *resistance,* so as to constitute a criminal contempt within the third subdivision referred to. The resistance contemplated must be some positive affirmative act, some interference or physical hinderance or obstruction by the party accused to the execution of the order of the justice, and not a mere omission to obey it. It must be a resistance *to the execution* of the order, and not a neglect to execute it.

For the foregoing reasons, I am of the opinion that the conviction should be reversed.