## COLE *v.* CHEOVENDA.

A, a drover, agreed in writing to deliver to B, a butcher, a certain number of beef cattle each month, for one year, at a fixed price per cwt. After carrying on the contract for a few months, A, being unable to furnish the requisite quality of beef cattle, agreed verbally with B, that the latter should supply himself and that A would pay the difference between the beef so purchased and the agreed price of the written contract. B purchased several lots of stall-fed Kansas cattle at a greater price than Colorado beef of the quality named in the contract. Upon a suit brought before the expiration of the year by B to recover the difference between the purchase-price and the contract price, *held,*

1. Although the written contract was misdescribed in the special count of the declaration, it was admissible as evidence under the common counts.

2. Under the terms of the contract B could have sued for the price of each lot when delivered by himself, and A could sue for the price difference due him upon any one or more purchases as he might elect.

3. Under the verbal contract, B was not at liberty to purchase cattle ·brought from without the State at a greater price than Colorado beef of the requisite quality, and charge A with the excess of price. The liability of A is to be measured by the difference between the contract price and the price of marketable Colorado beef at the time of the purchase.

4. But evidence as to the purchase of the Kansas cattle was admissible to determine the quantity of beef for which A was chargeable.

5. Evidence that A was prepared and willing to furnish beef at the time B was purchasing elsewhere, without showing that such beef was of the agreed quality, was properly rejected.

6. A party cannot assign error upon an immaterial issue tendered by himself.

7. When demand is made upon an opposing attorney in the trial of a cause, for the production of a paper in his possession relating to the case, verbal notice is sufficient.  The time and place of such notice must be such as to enable the party, under the known circumstances of the case, to comply with the call for the production of the papers.  An attorney is bound to answer whether a document is in his possession or elsewhere in court.

*Error to County Court of Arapahoe County.*

THE facts are stated in the opinion.

Messrs. MILLER & CLOUGH, for plaintiff in error.

Messrs. SYMES & DECKER, for defendant in error.

STONE, J.  Cole, the plaintiff in error, agreed in writing to deliver to Cheovenda, the defendant in error, a certain number of beef cattle every month, at a stipulated price per cwt.  The contract was to continue for one year.  Delivery commenced in the fall and was continued until spring, when Cole, being unable to furnish the requisite quality of beef to supply Cheovenda's market, agreed that the latter should buy to supply himself, and that he—Cole—would pay the difference between the price of the beef so purchased, and the contract price of the written agreement. Cheovenda purchased for himself during about three months, from March 22d to June 20th.  Cole furnished two or three lots in the meantime, and in the latter part of June, he notified Cheovenda of his ability to furnish all the beef required ; but the parties disagreed in attempting to settle the difference which Cheovenda claimed was then due, and further business between them ceased.  Cheovenda brought suit to recover the amount claimed to be due as the difference between the price he had paid for the beef purchased by him under the last agreement, and the stipulated price at which Cole was to furnish.

We do not consider it necessary, nor is it perhaps expected by the counsel for the plaintiff in error, that we should review in detail each of the twenty-four assignments of error made as grounds for reversal of the judgment in

favor of the plaintiff in the court below.   It is contended that the court erred in admitting the written contract as evidence, because it was misdescribed in the special count of the declaration.   Whether this variance was so far material as to exclude the contract as evidence, or defeat a recovery under the special count, we need not determine, since the contract was admissible as evidence under the common counts.

It is claimed that the verbal contract being indefinite as to duration, authorized only one purchase by Cheovenda; but that if held otherwise, then it must be held to continue during the whole period of the written contract; and hence, that suit could not be brought until the end of the year.

Under the written contract, Cheovenda was to pay for the cattle delivered by Cole as soon as weighed.   Cole could therefore have sued for the price of each lot for any breach of the condition of payment as soon as weighed.

Under the evidence as to the general condition of the Denver beef market at the time of the making of this new contract, and the unfitness of Cole's own herd for beef, the jury may have reasonably . concluded that the parties intended that these purchases by Cheovenda should continue until Cole should be able to fully supply the amount and quality of beef required under the first contract.   It would follow that Cheovenda was entitled to be paid the excess in price of each several purchase as soon as made, and might therefore sue for the amount due upon any one or upon the total of such previous purchases.

Under the first contract, Cole was to deliver "the same kind of beef cattle as furnished to Mills Bro., and Rife & Co.," which was shown by the testimony to be Colorado cattle.

Under the authority given to purchase cattle in lieu of those Cole had agreed to deliver, Cheovenda was not at liberty to purchase, as he did, imported stall-fed Kansas cattle, at a price much greater than marketable Colorado

beef at that time, and charge Cole with such excess in price. He could purchase what kind of beef he pleased, but might not charge Cole with a liability therefor beyond the excess in price of what Colorado beef of the required quality could have been purchased for at the same time. In other words, the liability of Cole is to be measured by the terms of the original contract. The measure of damages is the same as it would have been had he, without this temporary agreement, failed to deliver during the same time on the original contract, to wit: the difference between the contract price and the market price.

The court below, therefore, properly instructed the jury upon this point, the giving of which instruction is one of the errors assigned.

The admission of evidence as to the purchase of Kansas cattle is assigned for error; but this evidence was competent and necessary to determine the entire quantity of beef purchased by Cheovenda for which Cole was chargeable. The offer of the defendant below to show that he was ready to supply cattle during the time Cheovenda was purchasing, was properly rejected. If he had offered to show a tender of the *kind and quality* of beef cattle that under the original contract he was bound to furnish, and thereby given notice of a termination of Cheovenda's authority to make further purchases, it would have raised an entirely different question. So, too, the offer to show that Cheovenda refused to pay for all the cattle he had received under the original contract, at the time they were weighed, was properly rejected. Cole, upon demand and refusal to pay, could have sued for such price after each weighing, or any time afterward; and therefore the proof of what was due him under his plea of set-off, was all that was admissible.

True, the question as to whether there was such refusal was put in issue by the second amended plea, and error is assigned, for giving and refusing instructions by the court upon this point; but the plea itself was obnoxious to demurrer, since it tendered an immaterial issue under the

declaration. And a party cannot assign error upon an immaterial issue tendered by himself. *Graham* v. *Dixon,* 3 Scam. 115.

Preliminary to the trial, one of the attorneys for the defendant below was put upon the witness stand and interrogated by plaintiff's counsel touching his possession of the original contract between the parties. Upon disclosing his possession of the paper, he was notified to produce it. The objection for want of sufficient notice was overruled, and failing to produce the instrument, the plaintiff, Cheovenda, was put upon the stand ; but after testifying to the execution of such contract, and before giving secondary evidence of its contents, the contract was produced and thereafter admitted in evidence. Error is assigned upon the exception, to the ruling of the court in allowing the examination of said attorney, and in requiring the production of the contract upon the notice given therefor at bar.

The object in requiring notice is declared in the text-books to be, not only to procure the paper, but to give the adverse party opportunity to provide the proper testimony to support or impeach it. 1 Greenleaf's Ev., § 561, note. But where the paper is either the contract declared on, or is set up as a matter of inducement, it is apparent that the reason for giving notice any considerable time previous to the production of the paper is wholly wanting. The plaintiff was as much entitled to the benefit of this paper as the defendant, and the latter had been advised by the declaration of the evident use the former would make of it in the trial of the case, and therefore had ample opportunity to be prepared to attack or defend it. Verbal notice is sufficient, and as to the time and place of service, no precise rule can be laid down, further than it must be such as to enable the party, *under the known circumstances of the case,* to comply with the call for the papers to be produced. 1 Greenleaf's Ev., § 562. And an attorney is bound to answer whether a document is in his possession or else-

where in court. Id., 13th ed., note 1 to § 561, citing *Brandt* v. *Kline*, 17 Johns. 335. Nor do we find that the verdict was excessive. Guided by the instructions of the court as to the measure of damages, the verdict is shown to cover only the value of the beef proven to have been purchased by Cheovenda at the average market price for Colorado beef at the time of the purchase.

For these reasons the motions for new trial and in arrest of judgment were properly overruled.

We fail to perceive sufficient ground for reversing the judgment of the court below, and it will accordingly be

*Affirmed.*