### J. H. RUNDLE *v.* E. H. FOSTER and others.

### April Term, 1878.

PRIVILEGED COMMUNICATION — DATE OF ACT. — An attorney who is called to testify against a party by whom he was employed to draw a deed cannot protect himself from answering the question whether the instrument was not written subsequent to the day of its date, and after the commencement of the present suit, on the ground of privileged communication between attorney and client.

*T. L. Dodd*, for complainant.
*Quarles & Thoma*, for defendants.

THE CHANCELLOR : — The solicitor of one of the parties in this cause, being examined as a witness, testified that he had drawn a certain bill of sale of the property in controversy, but could not positively state the date. He was then asked whether it was written subsequent to the day of its date, and after this suit was commenced. The witness demurred to the question, and declined to make further answer, because of his being one of the attorneys in this cause. Of course, this is no ground whatever for refusing to testify, unless the question is directed to elicit some dis-

closure of a privileged communication between attorney and client. I presume the real ground of objection is that the witness wrote the bill of sale, and acquired the information sought to be elicited, as the attorney of the person against whom he is now called upon to testify. The demurrer is, in this view, based upon the client's privilege.

"Demurrers of this sort," says Lord Hardwicke, "ought to conclude that he (the witness) knew nothing but by the information of his client." It is the communication between attorney and client which is protected, and the demurrer covers too much, and is clearly bad if it be not strictly confined to such communications. *Vaillant* v. *Dodemead*, 2 Atk. 524. One of the interrogatories in that case was an inquiry concerning the proving of a deed of assignment sought to be relieved against as collusive. "I am of opinion," says the lord chancellor, "that he ought to answer this, though he should be privileged as to other matters." And he cites the case of the *South Sea Company* v. *Dolliffe*, where the issue was whether articles entered into between the complainant and defendant were drawn in accordance with the agreement of the parties, and where a demurrer of the witness, who was the draughtsman of the articles, that he had drawn them as counsel of the company was overruled. In *Lord Say's Case*, 10 Mod. 40, an attorney employed to levy a fine was called to prove that the deed to lead the uses was not executed until five months after the date, and was compelled to testify. In *Sandford* v. *Remington*, 2 Ves. jr. 189, Lord Lougborough drew the distinction between *acts* done by the client in the presence of the solicitor, such as the execution of a deed, which the solicitor may be required to prove, and private conversations touching the client's motives. In *Greenough* v. *Gaskell*, 1 Myl. & K. 98, Lord Brougham undertakes to review the authorities, with an inclination to extend the client's privilege, but in an enumeration of admitted exceptions expressly includes the case "where there could not be said,

in any correctness of speech, to be a communication at all; as where, for instance, a fact, something that was done, became known to him from his having been brought to a certain place by the circumstance of his being the attorney, but of which fact any other man, if there, would have been equally conversant." He adds, by way of parenthesis, "and even this has been held privileged in some of the cases." But in *Sawyer* v. *Birchmore*, 3 Myl. & K. 572, the Master of the Rolls, Sir C. Pepys, lays down the doctrine broadly that the witness, a solicitor, "was bound to answer questions seeking information as to matters of fact, as distinguished from matters of confidential communication." And this doctrine he repeats, as Lord Chancellor Cottenham, in *Desborough* v. *Rawlins*, 3 Myl. & Cr. 515.

The American decisions are in accord. *Brandt* v. *Klein*, 17 Johns. 335; *Johnson* v. *Daverne*, 19 Johns. 134; *Riggs* v. *Denniston*, 1 Johns. Cas. 198; *Baker* v. *Arnold*, 1 Caines, 258; *Driggs* v. *Rockwell*, 11 Wend. 514.

The particular question which gave rise to the demurrer of the witness in this case must be answered. And the parties interrogating will be entitled to put other questions within the principle herein settled.