Pond v. McKay.

---

# City Court.

Special Term—May, 1886.

## POND ET AL. *against* McKAY ET AL.

The defendant testified on supplementary proceedings that he executed a bill of sale to a person named Tyng; that he was introduced to him by his attorney, and knew nothing of him. The attorney was called as a witness and asked to state who Tyng was. He declined, on the ground of privilege. *Held,* that the inquiry did not involve a confidential communication and was not privileged.

McADAM, Ch. J.—The defendant Key testified that the defendants executed a bill of sale of the Dazlan claim

to a gentleman named Tyng; to whom they were introduced in their attorney's office; that they did not know Tyng's first name, nor his business or place of residence. Their attorney was then sworn, and asked whether he knew the man Tyng referred to by his client. The attorney refused to answer, on the ground that the knowledge he obtained was privileged as a confidential communication, and the referee has certified the refusal to the court. The objection is clearly captious and trifling (70 *N. Y.* 55; 1 *Hill,* 33; 12 *Abb. Pr.* 249; 25 *Alb. Law J.* 24; 32 *Moak's Eng. R.* 164 *n.*).

The attorney was not asked to reveal any secret imparted to him by his clients, but to give information of a fact in respect to which his clients are and always have been ignorant and cannot supply, and of which fact the attorney alone has knowledge. The proposed revelation breaks no confidence which the law refuses to unseal. The cases cited by the attorney (4 *Wend.* 555; 17 *Johns.* 335; 14 *Id.* 391; 9 *How. Pr.* 419) have no application whatever to the question involved.

The refusal to answer was contumacious, and the attorney is adjudged guilty of contempt, and will be fined $6 referee's fees and $10 costs of motion, and will be imprisoned until the question is answered and the costs are paid.